Page 1

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF MISSISSIPPI

Cedric Tornes _____  Plaintiff

-vs-   Action Number 3:16cv664-TSL-RHW

Doctor Barzier, Warden Fillyaw,
Lt. Leon Shields And Officer Davis _____  Defendants


SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 26 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

Before The Honorable, _____ District Court Judge

## INTRODUCTION

Comes Now, Cedric Tornes, The Plaintiff Who is A Inmate at Central Mississippi Correctional Facility (CMCF) A Unit of The Mississippi Department of Corrections (MDOC).

Pro Se, he files this complaint Pursuant to 42 U.S.C 1983 Civil Rights Statute.

## JURISDICTION

The Court has Jurisdiction Pursuant to 42 U.S.C §1331 The Federal Question.

This The 21 Day Of August *2016*

Plaintiff's Name And Address
Cedric Tornes #80801
CMCF R/L Sec 4, H-Zone
P.O. Box 88550
Pearl, Mississippi 39288

BY: _Cedric Tornes_
Cedric Tornes #80801

| OFFICIAL USE ONLY | | |
|---|---|---|
| | | |
| Civil Action Number | District Judge | Magistrate Judge |

## 42 U.S.C. § 1983 Civil Rights Complaint

### Plaintiff Information

NAME: Cedric Tornes           Inmate I.D. # 80801
Location: CMCF                  Division of: MDOC
Address: P.O. Box 88550         City: Pearl
STATE: Mississippi              ZIP: 39288

### Defendant's Information

1. NAME: Doctor Barzier    Job Title: Doctor, MD.
2. Name: Fillyaw           Job Title: Warden
3. Name: Leon Shields      Job Title: Lieutenant
4. Name: Mrs. Davis        Job Title: Officer

### Defendant's Place of Employment

NAME:    Central Mississippi Correctional Facility
Address:  3794 Highway 468
City: Pearl     STATE: Mississippi    ZIP: 39208

This the 21 Day of August 2016

BY: /s/ Cedric Tornes
Cedric Tornes Plaintiff

## Parties

Page 3

1. <u>Plaintiff:</u> Cedric Torres, is a inmate located at Central Mississippi Correctional Facility. He was incarcerated at CMCF on the date of the incident and remain at CMCF today.

2. <u>Defendant 1:</u> Doctor Borzier, works at CMCF in the Medical Department. His duties include the care and treatment of inmates.

3. <u>Defendant 2:</u> Warden Fillyaw, is a Warden at CMCF. As Warden he is responsible for the security, care and protection of all inmates a CMCF.

4. <u>Defendant 3:</u> Lt. Leon Shields, is a Lieutenant at CMCF. His duties include supervising correctional staff officers assigned to R/C, as well as the security, control and care of inmates housed in R/C.

5. <u>Defendant 4.</u> Officer Davis, a/k/a Mrs Davis. Mrs. Davis was in charge of Tower security on the date of the incident. Her duties included monitoring, and control of the inmates assigned to her zone.

### * Capacity *

Each Defendant is being sued in his or her individual capacity.

<u>Summons Information:</u> Please send request for waiver of summons to. Jim Hood @ Attorney General's Office, P.O. Box 220 Jackson, MS 39205-0220

This the 21 day of August 2016

BY: /s/ Cedric Torres
Cedric Torres #80801

## Previous Lawsuit Information                    Page 4.

Pursuant to 28 U.S.C. § 1746 I Cedric Tornes hereby declare under the penalty of perjury that I have never in the past filed a lawsuit in any court, in any district or in any state.

This the 21 day of August, 2016

Respectfully Submitted

BY: _Cedric Tornes_
Cedric Tornes   Plaintiff

Plaintiff Name and Address of Record

Cedric Tornes #80801

CMCF, Sec 4, H-Zone

P.O. Box 88550

Pearl, Mississippi 39288

## Administration Remedies Exhaustion

Page 9.

The incident took place on May 23, 2015. I filed an ARP or Request for Administrative Remedy on about June 9th 2015. MDOC ARP Rule's give's it's Administrator's 90 days for completion of the exhaustion process. Therefore I exhausted my Administrative Remedies on September 8, 2015.

### Tolling Extentions

The United States Congress did not provide a statute of limitation for filing a 42 U.S.C § 1983 civil Action

The United States Supreme Court Ruled that all 1983 claims are governened by State Statute, for general or residual statute for personal Injury actions. Owens v. Okure, 488 U.S. 235, 243-50. 109 S.Ct 573 (1989)

In Miss, The Miss Supreme court Decided in Wilson v. Garcia, That the Statute of limitation's in all 1983 Claim's Form State's statute of Limitation for personal Tort injurys. Hanner v. State of Miss 833 F.3d 55 (C.A.5.)

All Personal Injury Tort's in Mississippi are govern by The Miss Tort Claim Act (MTCA) which provides 1 year. Gale v. Thomas, 759 So. 2d 1150 (miss)

Therefore it is State law that governen's this Statute of Limitations in Federal 1983 Action.

Under Miss Law the filing of A administrative action Toll's the Statute of Limitation for 90 day's. Page v. Univ of So. Miss 878 So. 2d 1003

This tolling add's 90 day's to the 1 year Statute of limitation. William v. Clay County 861 So. 2d 953 (2003)

This Present Claim accurred on May 23, 2015. The administrative Remedy Action was filed on June 9th tolling the statute until September 8, when it began to Run again. May 23 to June 9th equal 17 days. Sept. 8, 2015 to Sept 8th 2016 minus 17 days equal Aug-22 2016. Therefore this action is timely filed on this the 21, Day of August 2016.

*Cedric Torres*
Cedric Torres Plaintiff

# STATEMENT OF Claim

On May 23, 2015 while confined at CMCF Reception Center, R/c E Zone, I was working as a floor walker. A floor walker's job is to clean, help pass out supplies including food trays.

In E Zone housing unit, The T.V. Remote was broken. I along with several other inmate had reported this breakage approximately two weeks prior to this date.

Around 9:00 AM the inmate's started banging on their doors trying to get the t.v. channel changed. Normally this banging would prompt the Lt. to bring one of the Remote's in from another zone and change the channel.

After the banging continued for a while Lt. Shield arrived, He asked what's all the banging about? I said they want the t.v. channle changed. Lt. Shield's said, I ain't got time for this shit, climb your ass up there and change it then.

Shield's then left, The inmate's continued the banging. The t.v. is approximately 12 feet up on the wall. To reach it first you must stand on the trash can, from that, step on to the security tower's window ledge, then while holding on with one hand, you must use the other to change the channel.

At approximately 9:15 AM while holding on one handed attempting to reach the button, I slipped and fell. While falling my feet got trapped in the trash can causeing my back to slam on to the concrete floor at a odd angle.

I screamed out in pain. I couldn't get up. At the time I assumed my back was broken, There was so much pain. Officer Davis, who was working in the tower saw me fall. She got up, looked down at me and said, You can get up and stop playing now. I said, I can't get up, this is real, I think I broke something. She said, "Yeah Right" She then sat back down and continued doing her nails.

Page 11
Page 2 of 4

## Lt. Leon Shields.

At approximately 9:35 AM, Lt. Shield's arrived. He went to the Tower and spoke with Officer Davis. He then came around to me and said, You got til I count to three to get your ass off the floor or I'm gonna spray you.

He removed his can of Pepper Spray (Mace) I told him I can't move, I'm hurting real bad, I need some help. He started to count, at three I closed my eye's, however, he didn't spray me. He said, you just lost your job. He then walked off.

## Doctor Barzier

Approximately one hour later at 10:35 AM Doctor Barzier arrived escorted by Lt. Shield's. He asked me to get up and have a seat so he could check my vitals. I said I couldn't move. I explain that my back was hurting real bad. He then checked my temperture and blood pressure and left.

At 11:28 AM He returned, he again checked my temperture and blood pressure. He again left.

When the lunch meal arrived, Lt. Shield's took a tray and sit it on a table, he told the new Floor walker, Don't give it to him. He said to me if you gone eat, get up and go to the table. I couldn't move, so I didn't eat.

At 12:30 I had then been on the floor approximately 3 hours. I asked the new orderly, to call my mother and ask her to call the prison and try and get me some help. I gave him my mother's number.

I have a sworn affidavit from my mother where she say's she called the prison at approximately 12:47 PM. She said she spoke with Warden Fillyaw. She said Warden Fillyaw advised her that he had spoken with the doctor and my situation was being address.

Continuing to suffer in pain, I again asked the orderly to call-

## Warden Fillyaw

Call again and find out did she reach anybody. The orderly told me she said she had spoken with Warden Fillyaw. The orderly said, she said to tell me she was about to call again.

Continuing her affidavit say's, she called and again spoke with Warden Fillyaw at approximately 2:01 PM. She said Warden Fillyaw assured her that an ambulance had been called and was on it's way to take me to the hospital.

At approx 3:17 PM Lt. Shield's and Officer Davis approached me. Officer Davis said, you must think this is Walmart, we don't pay slip and falls here. Both Davis and Shield's started laughing, Shield's then said, I'd bet that if I sprayed his ass he'd move, This got more laughter.

Finally at approximately 3:49 PM, over 5 hours later the emergency personal arrived. These First Responder's were from a private company. While being driven to the hospital I questioned the attendant James Franklin as to why did it take so long to get there. He said it took them a few minutes to get pass the gate. I said, I've been on the floor waiting more than 5 hours. He said, "We didn't get the call until 3:04 PM."

I was rushed to the emergency room at Central Mississippi Medical Center. There I was given ExRay's and examined by Doctor David Dean In his Report, ① he noted, Signs of contusion, Multiple cervical sprain, Swelling about the Thoracic Myofascial Area.

His follow up instructions stated a follow up/Recheck was scheduled in 2-3 days, Reason's listed stated, possible Hematoma.

I was given injections, medication's and later discharged. After Arriveing back at CMCF, I was placed in a cell in the infirmary ward. The prescribed medication's were taken and in there place I was given Asprin. I was never taken for the follow up exam.

Officer Davis set the stage for deliberate indifference. She was the first to assume I was faking. She then told this to Lt. Shield's causing him to take up the same position.

Continued   STATEMENT OF claim

Just like a domino effect it continued. Shield's Relayed the the information to The Doctor and finally the doctor Told The warden.

Either one of the defendant's could have picked up the phone and called for Emergency assistance, instead, They chose Threats, Jokes and laughter at my pain and suffering.

The defendants Action's Exhibited a clear cause of Action based upon deliberate indifference to my pain and suffering.

Pursuant To 28 U.S.C. § 1746, I Cedric Tornes do hereby Swear under the penalty of perjury that the Statement of claim presented herein is TRUE AND correct.

This The 21 Day of August 2016.

BY: Cedric Tornes
Cedric Tornes   Plaintiff

Plaintiff's Name And Address of Record

Cedric Tornes #80801
CMCF R/C Sec 4, H-Zone
P.O. Box 88550
Pearl, Mississippi 39288

FOOTNOTE

① I Submitted a medical Release form To Central Mississippi Medical Center. I have a copy of the emergency Room Report Signed by Doctor, David Dean.

<u>Claim For Relief</u>                                              Page 14

Plaintiff, Cedric Tornes Claim for Relief...

<u>Plaintiff's Claim for Relief</u>

This is a 42 U.S.C. 1983 Civil Rights Civil Action. The Plaintiff is entitled to relief where he suffered severe pain due to the defendant's neglect and deliberate indifference to his suffering. Their actions violated my rights that are protected ① under the eighth Amendment of the United States Constitution's cruel and unusal punishment clause.

This the 21 day of August 2016

BY: <u>Cedric Tornes</u>
Cedric Tornes, Plaintiff

<u>Footnote:</u> ①
Claim for Relief submitted under the 8th Amendment of the U.S. Constitution.

Relief Requested                                    Page 15.

Each of the defendants, over a period of hours could have simply picked up the phone and called on

## Demand for Relief

A: Award compensatory damages in the following amounts:

1. $50,000, Jointly and Severally against All the defendants, for physical pain, suffering, and emotional injury.

2. $20,000, Jointly and Severally against Defendants Doctor Barzier and Warden Fillyaw for failure to supervize, failure to Assist and failure to provide care.

B. Award punitive damages in the following amounts.

1. $5,000 Each against Defendants Shields and Davis.

2. $10,000 against Warden Fillyaw.

3. $20,000 against Doctor Barzier.

\* Jury Trial Demanded \*

Plaintiff's Name and Address

Cedric Tornes #80801
CMCF Sec 4 H-Zone
P.O. Box 88550
Pearl, MS 39288

This the 21 Day of August 2016

BY: *Cedric Tornes*
Cedric Tornes Plaintiff